FILED

**NOT FOR PUBLICATION**

APR 27 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMANDA SERINO; ALBERTO CASTELLANOS; DAVE HAWK; VANCE LORENZINI; BRUCE MIYAKI; DUSTIN POULTON; JASON SMITH; KENNETH VENABLE; TAD YENA WINE, | No. 08-56940 |
| | D.C. No. 2:07-cv-05029-VBF-FFM |
| Plaintiffs - Appellants, | |
| v. | MEMORANDUM[*] |
| PAYDAY CALIFORNIA, INC., a California Corporation; RON RENAUD, an individual; MICHAEL ROMERSA, an individual, | |
| Defendants - Appellees, | |
| and | |
| STEVE CHASE, an individual, | |
| Defendant. | |

Appeal from the United States District Court

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted April 6, 2010[**]
Pasadena, California

Before: PREGERSON and THOMPSON, Circuit Judges, and GRAHAM, Senior District Judge.[***]

The plaintiffs-appellants contend they were paid late or not at all for services rendered in the production of television commercials in 2003 and 2004. They filed suit against Payday California, Inc. ("Payday") and its president Ron Renaud, among others, alleging various violations under the Fair Labor Standards Act ("FLSA") and California law. The district court dismissed the claims as to Payday and Ron Renaud on the ground that no reasonable trier of fact would find that Payday or Renaud was the plaintiffs' "employer." We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.[1]

I.      "Employer" Status Under California's Labor Code and FLSA

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable James L. Graham, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

[1] See our decision in *Dianda v. PDEI, Inc.*, No. 08-56981, slip. op. (9th Cir. 2010), which raises the same issues.

The essence of the test for "employer" status under the California Labor Code is "whether the principal has the right to control the manner and means by which the worker accomplishes the work." *Estrada v. FedEx Ground Package Sys., Inc.*, 64 Cal. Rptr. 3d 327, 335 (Cal. Ct. App. 2007). FLSA's test is broader, asking whether the "individual [here, Payday] exercises control over the nature and structure of the employment relationship." *Boucher v. Shaw*, 572 F.3d 1087, 1090-91 (9th Cir. 2009) (quotation marks omitted).

The plaintiffs have put forth no evidence that Payday had the right to control the details of the plaintiffs' work or that Payday exercised control over their employment relationship. Instead, the plaintiffs point to several documents that arguably identify Payday as the "employer"–pay stubs, W-2 forms, and form contracts entered into by payroll companies closely associated with Payday. However, "[t]he parties' label is not dispositive and will be ignored if their actual conduct establishes a different relationship." *Estrada*, 64 Cal. Rptr. 3d at 335-36. *See also Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 755 (9th Cir. 1979) ("Economic realities, not contractual labels, determine employment status for the remedial purposes of the FLSA.").

The plaintiffs also contend that Payday paid wages from its own funds and maintained payroll records. Although this evidence might be relevant in assessing

3

employer status, *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983) (listing several factors for evaluating joint employer status under FLSA), these allegations, alone, are not sufficient to establish such status. Indeed, these actions are explainable as part of the payroll service provided by Payday. *See, e.g.*, *Moreau v. Air France*, 356 F.3d 942, 950-52 (9th Cir. 2004) (determining that Air France was not a joint employer of contracted service workers where Air France's involvement was to ensure compliance with regulatory requirements).[2]

## II.    "Employer" Status by Estoppel

The plaintiffs contend that Payday is equitably estopped from denying its employer status. This argument fails because the plaintiffs cannot reasonably claim ignorance of the fact that Payday was not their employer. *See Laird v. Capital Cities/ABC, Inc.*, 80 Cal. Rptr. 2d 454, 464 (Cal. Ct. App. 1998). The plaintiffs were hired by the production companies, received instruction from production company personnel, and communicated solely with the production company, except as to ministerial payroll matters.

---

[2] The plaintiffs cite to the Internal Revenue Code, the Code of Federal Regulations, and court opinions interpreting these provisions; however, these sources do not bear on the definition of "employer" under either the FLSA or California law.

**CONCLUSION**

Because Payday cannot be found to be the plaintiffs' "employer" under the FLSA or the California Labor Code, we AFFIRM the district court's dismissal of those claims against Payday. We also AFFIRM the district court's dismissal of the FLSA claims against Ron Renaud, who is only implicated because of his involvement with Payday. Additionally, because the plaintiffs' claims under § 17200 of the California Business and Professions Code are predicated upon violations of the California Labor Code, we AFFIRM the district court's dismissal of those claims as well.

**AFFIRMED**.